## GENERAL COURT, MAY TERM, 1797.

### GORSUCH, use of TELFAIR, *vs.* JOHN HOLMES.

THIS was an action of *debt* upon a *Bail Bond* given to the plaintiff, then being sheriff of Baltimore county, by *Andrew Holmes,* with the defendant as his security, for the appearance of the said *Andrew* before Baltimore county court on the fourth Monday in March in the year 1793, to answer unto *Isaac Telfair* (for whose use this action is brought) in an action on the case &c. The defendant pleaded payment, and issue was joined on the general replication, and the cause continued to October term 1796; at which term the defendant by his counsel, moved " the court to stay the proceedings in this cause with all the costs of suit to the plaintiff, inasmuch as the said suit is instituted on a bail bond executed to the late sheriff of Baltimore county, conditioned for the appearance of a certain *Andrew Holmes,* at the then next ensuing *Baltimore county court,* to answer unto

*Isaac Telfair* in a plea of trespass upon the case, and so forth; and also because there is a suit now depending in this court to recover from the said *Andrew Holmes* the same claim on account of which the said bail bond has been forfeited."

This motion, after argument by the counsel concerned, was *overruled* by the court.

The defendant obtained leave and withdrew the plea of payment, and pleaded *comperuit ad diem* and *comperuit ante diem.* The plaintiff demurred to the first plea, and replied *nul tiel record* &c. to the other.

*Hollingsworth,* for the plaintiff.

*Robinson,* for the defendant.

The defendant at this term relinquished his pleas and confessed a judgment *(a)*

May, 1797.
Gorsuch
vs.
Holmes.

*(a)* William Osborn vs. William Jones.

This was an action on a *bail bond, (See* 1 *Harr. Ent.* 550, *and* 2 *Harr. Ent.* 449, for the declaration and pleadings) by which it appears that the defendant pleaded three pleas, 1st. *Comperuit ad diem;* 2d. *An offer to surrender the principal;* and 3d. That an action for the same cause was brought in the county court. The plaintiff replied *nul tiel record* to the first plea, and *demurred* to the others —the *first* and *last* pleas were withdrawn.

The demurrer to the second plea was argued by *Cooke* and *Pinkney* for the plaintiff, and by *A. Hall* and *Key* for the defendant, before *S. Chase, Ch. J. Goldsborough* and *J. T. Chase,* J. at October term, 1792.

S. CHASE, Ch. J. If any one is arrested in a case that is bailable, the sheriff is obliged by the statute of 23 *Henry* 6, *c. 9,* (1444) to take a bail bond, and he must take reasonable bail if tendered, or an action lies against him for his refusal.

The sheriff is the judge of the security, and he may take one or more.

The bond is for the indemnification of the sheriff, and for the benefit of the prisoner. The plaintiff is no ways interested in the bond until the forfeiture.

If the sheriff neglects to take a bail bond upon *default of the defendant's appearance,* at the return of the writ, he is liable to an action for an escape. If he takes a bail bond he is not liable to such action.

If the sheriff takes a bail bond the prisoner is *thereupon discharged from the arrest, and he is in the custody of his bail,* who may keep him in custody. *Dalton's off. Sh.* 517.

The sheriff in *Great Britain* is not limitted to any sum in which he is to take a bail bond, he is to judge of it.

By the act of 1715, *ch.* 46, *s.* 3. In an action on the case where the damages laid are above 4000lbs. of tobacco, *if no declaration sent* with the writ, the sheriff shall not require bail bond exceeding 8000lbs. of tobacco, though damages be marked on the writ for a greater sum.

On return of the writ, and default of the defendant to appear, or give special bail, the plaintiff has his election either to accept an assignment of the bail bond from the sheriff, (which he is obliged to make by the statute of 4 *and* 5 *Ann, ch,* 16, *s.* 20) or proceed against the sheriff by ameciament. The plaintiff is not obliged to take an assignment of the bail bond if the security is ever so good.

In an action on a bail bond forfeited, the bail can only plead *comperuit ad diem.* This is the only *lawful* condition. 5 *Burr.* 2683, *Harrison vs Davies.* 1 *Crompt.* 76.

If on suing the bail bond the prisoner is out of custody of the sheriff, I conceive he can never be again in his custody in virtue of the

May, 1797.

mesne process in that action; and the sheriff would be liable to false imprisonment if he was to take him *against his consent;* and I apprehend that *against* his consent he cannot be surrendered to the sheriff by his bail, but they may keep him, and surrender him in court. The special bail may surrender the principal *in court* at any time admitted by the court, during the sitting of the court to which the *scire facias* is returned *scire feci,* or during the sitting of the court to which the second *scire facias* is returned *Nihil.* 2 *Crompt.* 81, 82.

There is a difference between *manucaptors,* (which are that the party shall appear at the day) and bail. 3 *Vin. tit. Bail,* 493, *pl.* 11. cites *Godb.* 339. The defendant gave a bail bond to the sheriff, and before the day he *rendered himself* to the marshall, and held a good bar to the action on the bail bond. 3 *Vin. Ab.* 494, *pl.* 13, in margin, cites 2 Lilly's Prac. Reg. 254.

The COURT gave judgment upon the demurrer for the plaintiff.